FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2014 MAR 12 AM 11:09

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| RICHARD W. COOK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 113-206 |
| | ) | |
| DENNIS BROWN, Warden, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Macon State Prison in Oglethorpe, Georgia, has submitted to the Court for filing a complaint brought pursuant to 42 U.S.C. § 1983, concerning events alleged to have occurred at Augusta State Medical Prison in Grovetown, Georgia. As Plaintiff's complaint was filed IFP, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I. **SCREENING OF THE AMENDED COMPLAINT**

A. **BACKGROUND**

Plaintiff names Warden Dennis Brown as the sole Defendant in this case. (See doc. no. 1, p. 1, 4.) Taking all of Plaintiff's factual allegations as true, as the Court must when screening his complaint, the facts are as follows.

On November 11, 2011, Plaintiff slipped in the shower and hit his head, requiring eighteen stitches. (Id. at 5.) Prior to this incident, Plaintiff states he had "on at least three different occasions asked Dennis Brown to put shower mats in the showers." (Id.) Plaintiff asserts these mats are required by the Standard Operating Procedure of the prison. (Id.)

Plaintiff states he now suffers from constant headaches as a result of Defendant's "wanton disregard" for his safety. (Id.) Plaintiff requests a jury trial, compensatory damages, and injunctive relief in the form of an order "mandating the placement of shower mats in all the showers in the Georgia Dept. of Corrections." (Id. at 6.)

B.   DISCUSSION

1.   Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual

2

enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim for Deliberate Indifference.

The complaint fails to state a viable claim based on the allegation that Defendant was deliberately indifferent to Plaintiff's safety by not placing shower mats in the showers. An Eighth Amendment violation for deliberate indifference to safety occurs when (1) there exists a substantial, particularized threat or fear of serious harm, (2) of which a defendant is subjectively aware, and (3) the defendant does not respond reasonably to the risk. Rodriguez v. Sec'y for the Dep't of Corr., 508 F.3d 611, 617 (11th Cir. 2007); Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003) (*per curiam*). To satisfy the second prong, a defendant must be aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists, and the defendant must also draw that inference. Carter, 352 F.3d at 1349. Stated another way, "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." Farmer v. Brennan, 511 U.S. 825, 838 (1994).

Here, Plaintiff makes the conclusory allegation that Defendant acted with "wanton disregard." The facts alleged, however, are merely that Defendant did not respond to Plaintiff's requests for shower mats. This is woefully inadequate and falls far short of deliberate indifference. Defendant Brown could not infer from a simple shower mat request

3

that a substantial risk of harm existed to Plaintiff or any other inmate. Indeed, a risk of slipping in the shower is not a substantial risk of serious harm. Furthermore, the allegation that Defendant was aware of the danger merely because Plaintiff had on at least three other occasions requested shower mats does not rise to the level of deliberate indifference. At most, it suggests negligence.[1]

Accordingly, Plaintiff fails to state a claim for deliberate indifference against Defendants. Rodriguez, 508 F.3d at 617 (11th Cir. 2007).

### 3. No § 1983 Claim Based on Violation of Prison Regulations.

Plaintiff also asserts that the alleged failure to provide shower mats violated unspecified "SOP" regulations of the Georgia Department of Corrections. However, an allegation of non-compliance with a prison regulation by prison officials is not, in itself, sufficient to give rise to a claim upon which relief may be granted. See Sandin v. Conner, 515 U.S. 472, 481-82 (1995) (noting that many prison regulations "are primarily designed to guide correctional officers in the administration of a prison" and that "such regulations are not designed to confer rights on inmates"); Mathews v. Moss, 506 F. App'x 981, 984 (11th Cir. 2013) (11th Cir. Feb. 8, 2013) (*per curiam*) (district court properly dismissed prisoner's claim concerning prison officials' alleged failure to follow prison procedures with respect to grievances); Taylor v. White, CIV.A. 11-0377-CG-N, 2012 WL 404588, at *5 (S.D. Ala. Jan. 10, 2012), *adopted by* 2012 WL 403849 (S.D. Ala. Feb. 7, 2012) ("A claim based on a prison

---

[1] See Davis v. Corr. Corp. of Am., 5:07CV279RS-EMT, 2008 WL 539057, *4 (N.D. Fla. Feb. 22, 2008) (allegations that plaintiff slipped on wet bathroom floor due to a leaking toilet were insufficient to demonstrate that wet floor posed an objectively excessive risk to his safety or that the defendant acted with deliberate indifference); Mallard v. Roberts, No. 1:05-cv-2-WLS, 2006 WL 1431570, at *4 (M.D. Ga. May 19, 2006) (dismissing slip and fall claim as frivolous where plaintiff alleged no actions on the part of defendants which could be construed as deliberately causing him to slip on wet floor; plaintiff's allegations, at most, stated negligence claims for failing to post "wet floor" warning signs and, therefore, were not cognizable under § 1983); see also Davis v. Reilly, 324 F.Supp.2d 361, 367 (E.D.N.Y. 2004) (holding failure to provide shower mats does not rise to level of constitutional violation).

official's failure to follow prison regulations or state regulations, without more, simply does not state a claim for deprivation of a constitutional right."). Accordingly, Plaintiff has failed to state a separate claim upon which relief may be granted based on Defendant's alleged violation of prison policies.

II. **CONCLUSION**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief can be granted and that this civil action be closed.

SO ORDERED this 12th day of March, 2014, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE